# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA A. GILBERT, | : | NO. 4:24-CV-00540 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| FRANK BISIGNANO,[1] | : | |
| *Commissioner of Social Security,* | : | |
| Defendant. | : | |

## <u>MEMORANDUM OPINION</u>

This is an action brought under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Cynthia Gilbert's claim for disability and disability insurance benefits under Title II of the Social Security Act. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference). For the reasons stated below, the Court will affirm the decision of the commissioner.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action is needed to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.   BACKGROUND

### A.   Procedural History

On August 3, 2021, Gilbert protectively applied for disability benefits, alleging disability beginning November 1, 2012. Transcript, Doc. 9-2 at 11. Following an initial denial and denial upon reconsideration, Gilbert submitted an appeal, requesting a hearing before an Administrative Law Judge (ALJ). *Id.*, doc. 9-4 at 6, 12, 21. The ALJ conducted the hearing and determined that Gilbert is not disabled. Doc. 9-2 at 21, 35.

Gilbert filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Gilbert's action seeking judicial review of the Commissioner's decision. Complaint, Doc. 1. This case is fully briefed (docs. 12, 14) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Consent Form, Doc. 7.

## B.   The Disability Determination Process

To receive disability benefits under the Social Security Act ("Act"), a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable . . . impairment which can . . . result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Act, a claimant is disabled "only if his . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." § 423(d)(2)(A). An impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." § 423(d)(3).

Social Security regulations provide a "five-step sequential evaluation process" to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other

than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

At the first step, the claimant must establish that he has not engaged in substantial gainful activity since the onset of the alleged disability. *See* § 404.1520(a)(4)(i). At the second step, claimant must establish that he suffers from a "severe medically determinable . . . impairment that meets the duration requirement . . . ("impairment . . . must have lasted or must be expected to last for a continuous period of at least 12 months")." § 404.1520(a)(4)(ii). At the third step, the claimant must provide evidence that his impairment "meets or equals one of our listings in appendix 1." § 404.1520(a)(4)(iii). If the claimant demonstrates his impairments meet those listings, he is considered to be disabled. *See id.*; § 404.1520(d). If he cannot establish severity of impairment at the third step, the eligibility analysis proceeds to step four in which the ALJ determines whether the claimant's residual functional capacity ("RFC") allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). To prevail on step four, claimant's

"impairment(s) must prevent [him] from doing . . . past relevant work." § 404.1520(f). At the fifth step, the Commissioner bears the burden to demonstrate that the claimant's RFC and his "age, education, and work experience . . . [allows] adjustment to other work." § 404.1520(a)(4)(v). If the Commissioner cannot satisfy this burden, the claimant's claim is granted. *See* § 404.1520(g).

### C.    The ALJ's Decision

Here, the ALJ determined that Gilbert "was not under a disability, . . . from November 1, 2012, through the date last insured," which was December 31, 2017. Doc. 9-2 at 11-12. The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the Social Security Act. § 404.1520(a)(4)(i)–(v); *see* Doc. 9-2 at 12-21.

At step one, the ALJ determined that Gilbert "did not engage in substantial gainful activity during the period from her alleged onset date of November 1, 2012, through her date last insured of December 31, 2017." Doc. 9-2 at 13. At step two, the ALJ found that Gilbert has the following severe impairments: major depressive disorder and generalized anxiety disorder. *Id*. At step three, the ALJ determined that Gilbert "did not have an impairment or combination of impairments that met or

medically equaled the severity of one of the listed impairments in" 20 C.F.R. part 404, subpart P, appendix 1. *Id.* at 14.

Between steps three and four, the ALJ found that Gilbert has the following RFC:

> [T]o perform a full range of work at all exertional levels but with the following nonexertional limitations: work is limited to simple and routine tasks involving only simple, work-related decisions and with few, if any, work-place changes; no production-pace work; and only occasional interaction with supervisors, coworkers, and the public.

*Id.* at 15-16.

At step four, the ALJ determined that Gilbert "was unable to perform any past relevant work." *Id.* at 20. At the fifth and final step, the ALJ denied Gilbert's disability claims because, after considering her "age, education, work experience, and [RFC], there were jobs that existed in significant numbers in the national economy that the claimant could have performed." *Id.*

### D.   Issues on Appeal

Gilbert primarily argues that the ALJ's RFC determination was not supported by substantial evidence. Specifically, Gilbert argues that the ALJ failed: (1) to include limitations in the RFC resulting from impairments he found to be severe (Pl. Br., doc. 12 at 13); and (2) to

consider limitations from Gilbert's "insomnia, panic disorder, post-traumatic stress disorder, fatigue, back pain, hip pain, right knee pain, congestive heart failure and COPD." *Id.* at 21.

The Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II.    LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565

(1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Gilbert is disabled, but whether the Commissioner's finding that Gilbert is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III.  <u>DISCUSSION</u>

Gilbert essentially argues that the ALJ's RFC determination was not supported by substantial evidence, but she relies largely on evidence from after the relevant period.

First, Gilbert argues that the ALJ erred by failing to include limitations in the RFC resulting from impairments found to be severe. Doc. 12 at 13. Gilbert acknowledges that the ALJ determined that Gilbert is capable of performing work at all exertional levels, but argues he should have included limitations to address impairments, including major depressive disorder and generalized anxiety disorder. *Id*. Gilbert asserts that the ALJ should have included limitations "concerning Claimant being off task, the need for unscheduled breaks, or expected absenteeism, despite many records that confirm that these impairments caused issues both prior to, and after her alleged onset date." *Id*. at 14.

The ALJ's RFC determination was supported by substantial evidence. The ALJ did consider Gilbert's major depressive disorder and generalized anxiety disorder, including Gilbert's panic attacks and hospitalization due to suicide attempt, and found that her mental health conditions improved when properly medicated, noting that Gilbert

reported she felt "so much better" after starting Zoloft, her mood was "totally different," she was not depressed or agitated, and her anxiety was manageable without significant panic attacks. *See* doc. 9-2 at 16-19; doc. 9-7 at 395, 401, 603, 606. With respect to the greater limitations Gilbert would have preferred, the ALJ did limit Gilbert to a mentally restrictive range of work, involving reduced complexity, stress, and social interaction, all of which was supported by the record evidence.

Gilbert's arguments suffer from overbreadth, straying beyond the relevant time period between November 2012 and December 2017. For example, Gilbert broadly argues that the ALJ failed to account in the RFC for exertional limitations necessitated by "congestive heart failure, COPD, back pain, hip pain and right knee pain." Doc. 12 at 14. But, as the Defendant points out, Gilbert was not diagnosed with COPD during the relevant period; nor did she suffer from heart failure, hip pain, or knee pain. Def.'s Br., doc. 14 at 26. Gilbert points to impairments and relies on medical records dating from 2018 (doc. 12 at 18), 2022 (*id.* at 14; *see also* doc. 9-8 at 71-78, 213, 360, 364) and other dates after the relevant period.

Page 11 of 14

Further, though Gilbert reported to a provider a history of COPD in 2015 (doc. 9-9 at 103-105), she later admitted that she had never been formally diagnosed with COPD, had never seen a pulmonologist for the condition, and had never been administered a pulmonary function test (doc. 9-8 at 207). As late in the period as 2016 and 2017, she did not report respiratory problems and denied shortness of breath. Doc. 9-7 at 598-610. Additionally, Gilbert was represented by counsel at the administrative hearing and never discussed any impairments other than her mental health conditions, which the ALJ did find to be severe, in her testimony or in counsel's cross examination of the vocational expert. *See* Doc. 9-2 at 35-44; 48-51. The record facts provided the ALJ with ample evidence to conclude that Gilbert's medically determinable impairments did not include COPD or hip, back, and knee pain. Doc. 9-2 at 13-14. The claimant had the burden to provide sufficient evidence of additional impairments during the period, if any exists, and the record before the Court reveals none.

The ALJ considered all the record evidence and reviewed his reasons for the RFC conclusions he drew. *Id.* at 15-19. The ALJ's explanation certainly meets the articulation standard set out by the

Third Circuit and the regulations. *See Burnett*, 220 F.3d at 119; *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981); *see also* Revisions to Rules Regarding the Evaluation of Medical Evidence Final Rules, 82 Fed. Reg. 5844-01, at 5858 (Jan. 18, 2017) (explaining that the "reasonable articulation" requirement in 20 C.F.R. § 404.1520c will "allow a subsequent reviewer or a reviewing court to trace the path of an adjudicator's reasoning, and will not impede a reviewer's ability to review a determination or decision, or a court's ability to review our final decision.").

Finally, Gilbert asserts that the ALJ erred in failing to consider limitations from her "insomnia, panic disorder, post-traumatic stress disorder, fatigue, back pain, hip pain, right knee pain, congestive heart failure and COPD." Doc. 12 at 21. In essence, Gilbert argues that she has conditions, which the ALJ did not find to be severe, that should have nonetheless led the ALJ to impose additional exertional limitations in the RFC. *Id.* at 23. But she points to no evidence demonstrating any functional limitations during the relevant period resulting from any of these conditions, instead directing the Court to review the entire administrative transcript. *See Id.* at 22, citing "(Admin Tr.);" *see also, e.g.*,

*Atkins v. Comm'r of Soc. Sec.*, 810 F. App'x 122, 129 (3d Cir. 2020) ("[J]udges are not like pigs, hunting for truffles buried in the record."). As discussed above, Gilbert's physical impairments, such as COPD and hip and knee pain, did not manifest during the relevant period. Gilbert has identified no limitations, attributable to impairments present between 2012 and 2017, that the ALJ failed to consider.

Because the ALJ's RFC determination is supported by substantial evidence, this Court will affirm.

## IV.    <u>CONCLUSION</u>

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: March 24, 2026                 <u>s/*Sean A. Camoni*</u>
                                      Sean A. Camoni
                                      United States Magistrate Judge